## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

HANNAH M. BOWEN,

      Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

CASE NO. 3:25 CV 1142

JUDGE JAMES R. KNEPP II

MEMORANDUM OPINION AND
ORDER

### INTRODUCTION

Plaintiff Hannah M. Bowen seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(1). Judge Armstrong recommends this Court affirm the Commissioner of Social Security's final decision. (Doc. 12). Plaintiff filed objections to the R&R (Doc. 13) and the Commissioner filed a response thereto (Doc. 14). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits in March 2022, alleging a disability onset date of May 6, 2017. *See* Tr. 422. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on January 2, 2025, finding Plaintiff not disabled. (Tr. 24-46). This appeal ultimately followed. (Doc. 1).

Plaintiff raised a single argument alleging the ALJ failed to properly account for an opined "superficial interaction" limitation. *See* Doc. 7, at 7-13.

In her R&R, Judge Armstrong concluded the ALJ adequately accounted for the opined limitation, adequately explained her reasoning for reaching the residual functional capacity ("RFC") determination she did, and that the RFC is supported by substantial evidence. *See* Doc. 12, at 28-40. She recommends the Court affirm the Commissioner's decision. *See id.*

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days after being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

**DISCUSSION**[1]

Plaintiff raises objections to the R&R. She argues the Magistrate Judge's analysis incorrectly determined that a limitation to "no tandem tasks" sufficiently accounted for an opinion that she was limited to superficial interaction with others including with supervisors and the public. (Doc. 13). The Commissioner responds that (1) the Magistrate Judge provided caselaw in support of her analysis and Plaintiff does not provide anything to the contrary, and (2) Plaintiff's logical argument is contradicted by the dictionary definition of "tandem." (Doc. 14).

The Court has carefully reviewed the R&R and finds it to present a thorough, well-reasoned, and correct evaluation of Plaintiff's arguments regarding the opined "superficial" limitation. The Court agrees that the ALJ's RFC determination, read in the context of the opinion as a whole and with common sense as is required, *see Buckhanon ex rel. J.H. v. Astrue*, 368 F. App'x 674, 678-79 (7th Cir. 2010), properly accounts for the opined superficial interaction limitation and is supported by substantial evidence. This is particularly so, as the Magistrate Judge recognized, where the ALJ imposed other significant mental restrictions in addition to the "no tandem tasks" limitation. These limitations in the RFC include that Plaintiff is restricted to jobs that: can be learned in less than a month; involve no more than simple, routine tasks; require only simple work-related decisions, and involve no more than routine workplace changes. *See* Doc. 12 at 36 (citing Tr. 38). The Court finds Plaintiff's objection not well-taken.

---

1. Neither Party objects to Judge Armstrong's summary of the relevant medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which Judge Armstrong thoroughly described.

**CONCLUSION**

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Armstrong's R&R (Doc. 12) is ADOPTED as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

 s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE

Dated: May 8, 2026